**Edwin MUNSELL and Elsie Munsell, Plaintiffs,**

v.

**La BRASSERIE MOLSON Du QUEBEC LIMITEE, d/b/a Molson Breweries and Jean Rouleau, Defendants.**

No. CV 84–4674.

United States District Court, E.D. New York.

Dec. 17, 1985.

---

DiLorenzo & Weber by William E. Weber, Hauppauge, N.Y., for plaintiffs.

D'Amato & Lynch by Elizabeth P. Shay, New York City, for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiffs now move for alteration or amendment of the Court's judgment of October 8, 1985 in this case. Rule 59(e), Fed. R.Civ.P. In that earlier decision the Court dismissed the action as to defendant Jean Rouleau for lack of personal jurisdiction, Rule 12(b)(2), Fed.R.Civ.P., and dismissed the remaining action for *forum non conveniens,* without prejudice to re-commencement of the action in the appropriate forum. *Munsell v. La Brasserie Molson du Quebec, Ltd.,* 618 F.Supp. 1383 (E.D.N.Y. 1985). The Court found that the proper forum is Quebec, Canada. Plaintiffs Edwin and Elsie Munsell now ask for alteration of the judgment. Defendant La Brasserie Molson du Quebec (La Brasserie) opposes and asks for costs and expenses with respect to this motion.

To recapitulate the relevant facts, on November 14, 1983 Mr. Rouleau allegedly ran over Mr. Munsell's right foot and ankle with a hilo lift vehicle on the premises of La Brasserie in Montreal, Quebec, Canada. Mr. Munsell was at La Brasserie picking up a load of Molson beer in his capacity as a truckdriver with Clare Rose, Inc. In December 1984 Mr. and Mrs. Munsell commenced the instant lawsuit for personal injury. Defendants moved to dismiss.

Plaintiffs ask that the Court amend or alter its judgment either by vacating the order to dismiss for *forum non conveniens* or conditioning dismissal on defendant La Brasserie's consent to waive the statute of limitations in a Quebec action. Defendant responds by agreeing "that if service made by plaintiffs upon Jean Rouleau on December 13, 1984 and upon La Brasserie on December 13, 1984 was properly effectuated, and the filing of the Complaint in the Eastern District on December 3, 1984 was timely under the applicable Canadian or Quebec law, then defendants will not contest this service or raise a statute of limitations defense in the Canadian action" (Defendants' Affidavit in Opposition ¶ 9).

### I.

Plaintiffs raise several grounds for reversal of the Court's application of *forum non conveniens.* Plaintiffs begin by declaring that they did not anticipate that the Court would entertain the *forum non conveniens* issue in a pre-answer motion and therefore did not address it fully (Affirmation of William Weber, Esq. ¶ 10). The defendants raised the issue in a laudably timely manner. Motions to dismiss based on the pleadings or on procedural matters should be made as soon as they become apparent and not presented in a piecemeal fashion. That the plaintiffs decided the Court would not entertain the *forum non conveniens* issue was presumptuous. The issue was raised and the burden was on plaintiffs to either address it fully or ask that the Court defer decision. In any event, the Court is satisfied that it researched the law thoroughly and had sufficient facts from the pleadings and affidavits submitted to make a sound decision.

Plaintiffs question the Court's decision that public interest factors balance against trial of the case in this forum. They argue that "certainly an American juror is qualified and competent to understand Canadian negligence law which upon information and belief must be extremely similar to American negligence law ..." (Weber Affirmation ¶ 25). This ignores the underlying principles of the public interest analysis of *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). It is not a question of whether the jurors can understand and apply Canadian law. It is a question of whether it is appropriate to ask members of a community with little or no interest or connection with the controversy, and some distance from the scene of the events, to decide the case. Of equal importance is

the fact that this Court has no knowledge of Canadian law, and, in spite of a modest law library and a Westlaw and Lexis terminal, no access to any statutory compilations and case reporters of Canadian law. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 260–62, 102 S.Ct. 252, 268, 70 L.Ed.2d 419 (1981). The Court does not take judicial notice of the law of other nations, it must be pleaded and proved by counsel. *Walton v. Arabian American Oil Company*, 233 F.2d 541 (2d Cir.1956). This is not a happy prospect when counsel for plaintiffs can do no better than to declare that on "information and belief" Canadian law "must be extremely similar to American negligence law ..." (Weber Affirmation ¶ 25). The Court would suspect that Quebec, with its French heritage, might have a legal system that incorporates elements of the Napoleonic code or Roman civil law. In short, there is nothing in plaintiffs' argument that prompts the Court to alter its conclusion that public interest factors weigh against the appropriateness of this forum.

## II.

Plaintiffs next present arguments going to the private interests analysis of *Gilbert*. First counsel for plaintiffs insists that "the only treating physicians and expert medical witnesses are in the State of New York" and Canadian physicians rendered no medical treatment (Weber Affirmation ¶ 22). If Mr. Munsell was seen by medical personnel in Canada, their testimony is important evidence. If counsel means to imply that Mr. Munsell drove his truck back to New York or otherwise was able to travel without first receiving treatment, this suggests that the original injury was perhaps not so very serious, or that it was aggravated by Mr. Munsell's refusal of immediate treatment or the demands and delay of travel. The Court does not wish to speculate in this vein, but counsel insists on facially conflicting facts. Counsel's allegations aside, it remains that the initial medical assessment, including any diagnoses, x-rays, and examination, are vital to the case.

More troubling is counsel's other assertion that "there were other drivers from New York distributors who witnessed the accident ..." (Weber Affirmation ¶ 21). This is in brazen contradiction to counsel's Affirmation in Opposition to Motion to Dismiss of March 13, 1985, where counsel declared "11. Other than the Defendant, Jean Rouleau, there are no other witnesses to the accident." These New York citizen eyewitnesses are not alleged to be newly discovered, they are not named, and their number is unspecified. The Court is not certain that counsel is dealing with the Court in a forthright and candid manner, and reminds counsel of Rule 11, Fed.R.Civ.P. The Court also reminds counsel that under the 1983 amendment, the Court can impose sanctions against an attorney or party who violates Rule 11. In any event, the vague and conflicting allegations as to the existence of New York witnesses are not fully credible and are not sufficient ground for altering the Court's decision on the private interest factors.

Plaintiffs next address the issue of enforceability of judgment. This argument merely repeats the largely speculative assertions made in the first motion that Martlet, La Brasserie, and Molson are pretty much one and the same thing and a judgment by this Court against La Brasserie can be executed against Martlet. By the same token, plaintiffs argue that La Brasserie is unquestionably subject to personal jurisdiction in this forum. The Court remains as before: unconvinced.

In addition, plaintiffs appear to have concluded that this Court can and will secure Mr. Rouleau's appearance. The Court will endeavor to make its position pellucidly clear. Mr. Rouleau is not made a party to this action by virtue of his employment by La Brasserie. *Path Instruments International Corp. v. Asahi Optical Co.*, 312 F.Supp. 805, 810 (S.D.N.Y.1970). Jurisdiction over the individual, like the individual's liability, must be established separately from that of the corporate entity. Moreover, the Court's subpoena power does not extend to Canada. Assertion of personal jurisdiction over a nonresident involves tra-

ditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 99 L.Ed. 95 (1945). In light of that principle and the fact that the Court is powerless to compel Mr. Rouleau's appearance, it is unwise for plaintiffs to presume that the Court will cajole or command La Brasserie to produce Mr. Rouleau at trial. That plaintiffs commenced this action in a forum that cannot reach Mr. Rouleau is a mistake that neither the Court nor the remaining defendant is obligated to remedy.

The Court concludes that plaintiffs have presented no facts or legal theories that that merit alteration of its private interests analysis under *Gilbert* and the resulting dismissal for *forum non conveniens*. It remains that Mr. Rouleau cannot be made a party to this action, that enforcement of a judgment from this Court is uncertain, that jurisdiction over La Brasserie is uncertain, that the inconvenience and expense for transporting witnesses is about evenly balanced between this and a Quebec forum. The Court continues to believe that Quebec is a better forum for adjudication of the plaintiffs' claims.

### III.

Plaintiffs next ask that the dismissal be conditioned on a waiver of the statute of limitations defense. The New York statute of limitations in a tort action for personal injuries is three years. New York CPLR § 214(5) (McKinney 1972). Plaintiffs allege that the applicable Canadian statute of limitations for bodily injury is one year, and cite the Civil Code of Lower Canada §§ 2262, 2261.2 and 1040. The Court has no means at hand to authenticate or verify the statutory provisions other than the *Martindale-Hubbell Law Directory* law digest volume, which also indicates that the one year statute of limitations applies. VII *Martindale-Hubbell Law Directory* Quebec Law Digest 17 (1983). Thus, it is reasonably certain that plaintiffs would be subject to a one year statute of limitations in a Quebec court. It is clear that plaintiffs' December 3, 1984 commencement of this action falls several weeks beyond the Quebec time bar. It is clear that defendant is not waiving the defense voluntarily.

If this action were to proceed in this forum, the Munsells, as residents of New York, could avail themselves of the state's three year statute of limitations. New York CPLR § 202 (McKinney 1972). The United States Supreme Court in *Piper Aircraft Co. v. Reyno* declared that the possibility that the law of the more appropriate forum is less favorable to plaintiff should not outweigh the heavy inconvenience imposed on defendant by trial in the chosen forum. 454 U.S. at 249–50, 102 S.Ct. at 262–63. Nevertheless, it is within the Court's discretion to weigh the unfavorability of the other forum's law, particularly where it might deprive plaintiffs of any remedy at all. *Id.* at 254, 102 S.Ct. at 265. And it is within the Court's discretion to condition dismissal on waiver of the statute of limitations. *See id.* at 242, 102 S.Ct. at 259; *Bailey v. Dolphin International, Inc.*, 697 F.2d 1268, 1279–80 (5th Cir.1983).

Accordingly, the Court grants plaintiffs' motion to alter or amend the judgment insofar as the Court conditions dismissal on defendant La Brasserie waiving the applicable Canadian statute of limitations. If defendant does not indicate its consent to so waive within thirty days, the Court will re-open the case, vacating the judgment of dismissal.

The Court believes that the Quebec, Canada forum is by far the better forum for trial for both parties. Nevertheless, the Court has subject matter jurisdiction here, and under the circumstances dismissal for *forum non conveniens* would work substantial injustice. For the most part, the law should not be about procedural battles, it should be about resolution on the merits of a case. While the statute of limitations serves the interests of justice by laying stale cases to rest, the difference between Canada's one year limit and New York's three year limit is not a matter of the substantial merits of the case.

## IV.

Plaintiffs motion pursuant to Rule 59(e), Fed.R.Civ.P., is hereby granted and the Court's earlier judgment is amended to condition dismissal of the action against La Brasserie on defendant's consent to waive the applicable statute of limitations in a Quebec, Canada forum. This does not alter the judgment as to defendant Rouleau. Defendant has thirty days in which to indicate whether it will consent to waive the applicable statute of limitations.

SO ORDERED.